United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20629
Summary Calendar

_____

KATHLEEN THOMAS, individually and as next friend of Shelby
Severance,

                                        Plaintiff-Appellant,

versus

CONROE INDEPENDENT SCHOOL DISTRICT; DAVID LUSK, Doctor; JEAN
STEWART; MARY KAY ALBRIGHT; DR. SOFFER; ANITA NATALE; KAYE
PICKETT; TERRY RAND; SHERRY DEATON; CINDY SHANE; CAREN KIRTEN;
CARRIE GALATAS; DORIS PHELPS; JACKIE HAASE; BARBARA WATSON; ANN
SYNDER; GEORGE C. KAUFMAN; ALAN A. MOORE; HAROLD CRYAR; GERALD D.
IRONS; ROBERT EISSLER; DEFENDANTS DOE,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4248
---------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Kathleen Thomas, individually and as next friend of Shelby
Severance, appeals the district court's dismissal of her
complaint pursuant to FED. R. CIV. P. 12(b)(1) for failure to
exhaust administrative remedies.  Because the relief Thomas seeks

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

is available under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*, she is subject to its exhaustion requirement. 20 U.S.C. § 1415(l); Gardner v. School Bd. Caddo Parish, 958 F.2d 108, 112 (5th Cir. 1992).

Thomas' argument that Conroe Independent School District's (CISD's) alleged violation of the "stay-put" provision of IDEA, 20 U.S.C. § 1415(j), is a basis for bypassing the exhaustion requirement is without merit, as there was no administrative or judicial proceeding pending when the alleged stay-put violation occurred. The stay-put provision is therefore inapplicable. Thomas' argument that the district court should have issued a preliminary injunction against the defendants' changing Shelby's educational placement and/or services in violation of IDEA safeguards does not address the exhaustion requirement and is therefore irrelevant.

Thomas has failed to demonstrate error in the district court's dismissal of her case without prejudice for failure to exhaust administrative remedies. That dismissal is hereby AFFIRMED.

CISD's motion to dismiss this appeal and for sanctions pursuant to FED. R. APP. P. 38 is DENIED.

AFFIRMED. MOTIONS DENIED.